J-A16002-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MOLLY HLUBIN, :
:
Appellant : No. 951 WDA 2015

Appeal from the Judgment of Sentence May 21, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003205-2014

BEFORE:    SHOGAN, OLSON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED: October 6, 2016

First, the Majority concludes that because Robinson Township enacted a resolution instead of an ordinance to enter into an agreement pursuant to the Intergovernmental Cooperation Act (ICA) for creating the DUI Task Force, the DUI checkpoint was not valid under the Act. I agree with this conclusion.

The Majority then goes on to analyze whether the stop at this DUI checkpoint was valid under the Municipal Police Jurisdictions Act (MPJA), and concludes that the MPJA did indeed make the stop lawful. Because I disagree with this conclusion, I dissent and offer the following analysis.

"[T]he [MPJA] does not fall within the classes of statutes which are to be strictly construed…. [and], therefore, [it] must be liberally construed to

_____
*Retired Senior Judge assigned to the Superior Court.

effect its objects and to promote justice. The general purpose of the statute is to restrict the jurisdiction of police to their own municipalities, on the one hand, while allowing certain practical and policy exceptions to the general rule on the other hand." ***Commonwealth v. Fetsick***, 572 A.2d 793, 794-95 (Pa. Super. 1990) (citations and quotation marks omitted).

According to the Majority, the following provision of the MPJA governs the situation at issue here: "Where the officer has been requested to aid or assist any local, State or Federal law enforcement officer or park police officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance." 42 Pa.C.S. § 8953(a)(3). In other words, the Majority holds that the MPJA, not the ICA, controls in this case.

However, if that were the case, then there would have been no need for an agreement among the municipalities in the first place. Instead, those municipalities would simply have been able to engage in an informal process to create the DUI Task Force at issue. That cannot be the case. While the MPJA governs police authority, the DUI Task Force was a creation of these municipalities, not the police departments within them. Accordingly, the ICA governs in this case, and because the agreement under the ICA was not entered into by an ordinance, the DUI Task Force was acting without jurisdiction, and Appellant's stop was unlawful.